UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM OLIVER, | ) | CASE NO. 1:07 CV 2437 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BANK FIRST, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 9, 2007, pro se plaintiff William Oliver filed the above-captioned diversity action against Bank First Financial Services ("Bank First") and Deandra Barnett. In the complaint, plaintiff alleges that the defendants committed a "fraudulent discriminated act" by foreclosing on property he owns in the State of Mississippi. (Compl. at 3.) He requests that the court stay the pending foreclosure action and award him compensatory damages in the amount of $ 500,000.00 and $ 250,000.00 in punitive damages. Mr. Oliver also filed an Application to Proceed In Forma Pauperis. That Application is granted.

*Background*

Mr. Oliver claims he received a loan from Bank First "using his deed of trust on the property." He indicates he missed one payment but was able the next month to send a check equal to his current payment and his past due amount. He claims that "the defendants did not send it to

[his] bank...or are still holding it." (Compl. at 2.) He states he sent a second check to Bank First; however, Bank First returned the check and initiated foreclosure proceedings. Mr. Oliver contends that Bank First wants to possess the land used as collateral for the loan. He claims, "this is a fraudulent discriminated act against plaintiff." (Compl. at 3.)

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Review of the complaint indicates the specific events and omissions of which plaintiff complains occurred in Macon, Mississippi. Furthermore, all of the defendants appear to reside in Mississippi, and the property which is the subject of this action is located in Mississippi. A civil action wherein jurisdiction is founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). As none of the defendants resides in the Northern District of Ohio and none of the events giving rise to the claims in this action occurred in this District, the United States District Court for the Northern District of Ohio is not the proper venue to assert these claims. The United States District Court for the Southern District of Mississippi would be the proper venue to file this action.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

Mr. Oliver indicates that a foreclosure action has been filed which concerns the very issues raised in this complaint. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex

County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a state foreclosure matter, which are of paramount state interest. Doscher v. Menifee Circuit Court, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that Younger abstention was required in plaintiff's challenge to a state court foreclosure action). There is no indication that Mr. Oliver cannot raise his claims in the course of that state court proceeding. This court therefore must abstain from hearing the claim asserted in this complaint.

## *Conclusion*

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                                      /s/Dan Aaron Polster 9/11/07
                                                      DAN AARON POLSTER
                                                      UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.